UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TINA D.,

                      Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

Case No. C19-5057JLR

ORDER AFFIRMING DENIAL OF
BENEFITS

## I.  INTRODUCTION

Plaintiff Tina D. seeks review of the denial of her application for disability
insurance benefits.  (*See* Compl. (Dkt. # 4).)  Plaintiff contends that the administrative
law judge ("ALJ") erred in (1) applying the law of the case doctrine, (2) evaluating the
medical evidence in the record, (3) finding at step two that Plaintiff did not have a severe
impairment of fibromyalgia, (4) evaluating Plaintiff's symptom testimony, (5) evaluating
the lay witness statements in the record, and (6) assessing Plaintiff's residual functional
capacity ("RFC").  (Pl. Op. Br. (Dkt. # 12) at 2.)  As discussed below, the court
AFFIRMS the final decision of the Commissioner of Social Security ("Commissioner")
and DISMISSES this case with prejudice.

## II.   BACKGROUND

**A.   Procedural History**

This is the second time this case is before the court.  Plaintiff filed an application for disability benefits on October 4, 2012, alleging that her disability began on January 9, 2010.  (*See* Admin. Record ("AR") (Dkt. # 8) at 81, 161-67.)  Plaintiff alleged that her disability began when she was in a car accident.  (*Id.* at 42.)  Plaintiff's claims were denied on initial review and on reconsideration.  (*Id.* at 80-102.)  On January 8, 2013, Plaintiff was in a second car accident, which she alleged worsened her symptoms.  (*See id.* at 45.)

On May 1, 2014, ALJ Ruperta Alexis conducted a hearing on Plaintiff's claims.  (*Id.* at 36-79.)  On August 26, 2014, ALJ Alexis issued a decision denying Plaintiff benefits.  (*Id.* at 15-30.)  The Appeals Council denied review.  (*Id.* at 1-3.)

On October 11, 2016, Chief U.S. Magistrate Judge Brian Tsuchida issued a decision reversing ALJ Alexis's decision and remanding the matter for further proceedings.  (*Id.* at 782-803.)  Judge Tsuchida held that ALJ Alexis did not err in discounting Plaintiff's symptom testimony; in finding that Plaintiff did not have severe impairments of thoracic outlet syndrome and fibromyalgia; in rejecting the opinions of Charles May, M.D., Marla Kaufman, M.D.; in accepting the opinions of William Chalstrom, Ph.D.; and in rejecting the lay witness statements of Cheryl Moore and Melinda Gauyan.  (*Id.* at 783-802.)  Judge Tsuchida held that ALJ Alexis did err, however, in finding that Plaintiff's migraine headaches were not a severe impairment; in

evaluating the opinions of Nancy Henry-Socha, M.D.; and in rejecting the lay witness statements of Ben D.[1] (*Id.*) Judge Tsuchida ordered that, on remand, the ALJ "shall reevaluate [Plaintiff's] headaches at step two; Dr. Henry-Socha's medical opinion; the lay witness statement from Ben [D.]; and, as necessary, [Plaintiff's] RFC and the remaining steps of the five-step evaluation process." (*Id.* at 803.)

On remand, ALJ Larry Kennedy conducted a hearing at which Plaintiff and a vocational expert testified. (*Id.* at 689-751.) On September 24, 2018, ALJ Kennedy issued a decision again denying Plaintiff disability benefits. (*Id.* at 658-76.) ALJ Kennedy noted that he had been directed on remand to reevaluate Plaintiff's migraine headache symptoms, Dr. Henry-Socha's opinions, and Plaintiff's husband's statements. (*Id.* at 659.) ALJ Kennedy further noted, however, that Judge Tsuchida had not assigned error to any other portion of ALJ Alexis's decision. (*Id.*) ALJ Kennedy therefore adopted and incorporated by reference ALJ Alexis's step two findings other than her findings on migraine headaches, rejection of Plaintiff's symptom testimony, rejection of the opinions of Dr. May and Dr. Kaufman, treatment of Dr. Chalstrom's opinion, and rejection of Ms. Moore's and Ms. Gauyan's statements. (*Id.*)

**B.    The ALJ's Decision**

Utilizing the five-step disability evaluation process, 20 C.F.R. § 404.1520, ALJ Kennedy found:

**Step one:**  Plaintiff did not engage in substantial gainful activity during the period

---

[1] Mr. D. was Plaintiff's husband. (*Id.* at 250.) His last name has therefore been redacted, as it is the same as Plaintiff's.

from her alleged onset date of January 9, 2010, through her date last insured of September 30, 2015. *See* 20 C.F.R. §§ 404.1571-76.

**Step two:** Through the date last insured, Plaintiff had the following severe impairments: Cervical spine degenerative disk disease, depressive disorders (including bipolar disorder) and migraine headaches. *See* 20 C.F.R. § 404.1520(c).

**Step three:** Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

**RFC:** Through the date last insured, Plaintiff could perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with exceptions. Plaintiff was limited to simple and repetitive work activity. She could interact appropriately with the public and coworkers, and could focus and concentrate on simple, repetitive, routine activity.

**Step four:** Through the date last insured, Plaintiff was unable to perform any past relevant work. *See* 20 C.F.R. § 404.1565.

**Step five:** Through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could have performed. *See* 20 C.F.R. §§ 404.1569, 404.1569(a).

(AR at 658-76.) Based on these findings, ALJ Kennedy found that Plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset date of January 9, 2010, through the date last insured of September 30, 2015. (*Id.* at 676.)

Plaintiff did not file written exceptions and the Appeals Council did not assume jurisdiction of the case. (*See generally id.*) ALJ Kennedy's decision thus became the Commissioner's final decision. *See* 20 C.F.R. § 404.984(d). This appeal followed.

## III. DISCUSSION

Plaintiff bears the burden of proving she is disabled within the meaning of the

Social Security Act. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Pursuant to 42 U.S.C. § 405(g), the court may only set aside a denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the court is required to examine the entire record, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## A.    The ALJ Did Not Err in Applying the Law of the Case Doctrine

Plaintiff argues that ALJ Kennedy misapplied the law of the case doctrine. (Pl. Op. Br. at 2-4.) "Under the law of the case doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). "The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)).

Plaintiff fails to articulate with any specificity what evidence ALJ Kennedy misapplied the doctrine to. Instead, Plaintiff appears to argue that ALJ Kennedy was

required to reevaluate all of the evidence, including the evidence for which Judge

Tsuchida affirmed ALJ Alexis's analysis, because Plaintiff submitted new evidence.

However, new evidence in the record does not automatically mean ALJ Kennedy had to

reevaluate all of ALJ Alexis's findings. Plaintiff did not explain how the new evidence

undermined ALJ Alexis's findings that were affirmed. "Our adversarial system relies on

the advocates to inform the discussion and raise the issues to the court. . . . However

much we may importune lawyers to be brief and to get to the point, we have never

suggested that they skip the substance of their argument in order to do so." *Indep.*

*Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). The court will address

application of the law of the case to the specific pieces of evidence for which Plaintiff has

alleged error as necessary, but Plaintiff has not shown that, as a general proposition, ALJ

Kennedy erred in applying the law of the case doctrine to the issues on which Judge

Tsuchida affirmed ALJ Alexis. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

1155, 1161 n.2 (9th Cir. 2008) (declining to address an issue because the appellant failed

to argue it with any specificity in his briefing).

**B.**     **The ALJ Did Not Err in Evaluating the Medical Evidence**

Plaintiff argues that ALJ Kennedy erred in evaluating the medical evidence and

opinions in the record. (Pl. Op. Br. at 4-8.) Plaintiff argues that ALJ Kennedy erred in

evaluating new evidence submitted on remand, erred in rejecting the opinions of Dr.

Henry-Socha, erred in rejecting the opinions of treating providers Stefan Tolles, M.D.,

and Margaret Griffel, ARNP, and erred in accepting the opinions of three non-examining

physicians.  (*Id.*)  The court will address each argument in turn.

### 1. The ALJ Did Not Err in Evaluating the New Evidence

Plaintiff argues that ALJ Kennedy failed to consider new evidence submitted on remand.  (Pl. Op. Br. at 4-5.)  This argument has no merit.  ALJ Kennedy cited to and discussed the new evidence submitted on remand throughout his opinion.  (*See* AR at 662-63, 665, 668-74.)  ALJ Kennedy was not required to discuss every treatment note in the record, as Plaintiff suggests.  Plaintiff argues for a different interpretation of the evidence, but she has not shown that ALJ Kennedy's interpretation of the evidence was irrational, and thus has not shown error.  *See Thomas*, 278 F.3d at 954.

### 2. The ALJ Did Not Err in Evaluating Dr. Henry-Socha's Statements

Plaintiff argues that ALJ Kennedy erroneously rejected Dr. Henry-Socha's statements.  (Pl. Op. Br. at 6.)  Dr. Henry-Socha evaluated Plaintiff on April 29, 2014, as part of a pain management consultation.  (AR at 629-34.)  Dr. Henry-Socha took a medical history from Plaintiff and performed a physical examination.  (*Id.* at 629-32.)  Dr. Henry-Socha opined that Plaintiff's "pain etiology appears to be multifactorial including fibromyalgia syndrome, myofascial pain, impaired sleep, [and] psychosocial stressors such as anxiety, depression, and possible posttraumatic stress disorder from her motor vehicle accident."  (*Id.* at 632.)  Dr. Henry-Socha further noted that Plaintiff had "a history of migraine headaches, which could be connected to her history of myofascial pain as well."  (*Id.*)

In the first administrative decision, ALJ Alexis rejected Dr. Henry-Socha's

statements because Dr. Henry-Socha did not describe reviewing any records and appeared to rely heavily on Plaintiff's self-reports. (*Id.* at 27.) Judge Tsuchida found error because Dr. Henry-Socha's evaluation was based at least in part on a physical examination, and ALJ Alexis had not provided any basis to support the conclusion that Dr. Henry-Socha disregarded her own observations in favor of Plaintiff's self-reports. (*Id.* at 796-97.)

On remand, ALJ Kennedy reevaluated Dr. Henry-Socha's statements and again rejected them. (*Id.* at 671-72.) ALJ Kennedy reasoned that Dr. Henry-Socha's statements "d[id] not contain a medical opinion *per se*" because they did not contain any statements about vocational restrictions. (*Id.* at 671.) ALJ Kennedy further rejected Dr. Henry-Socha's statements because they used equivocal language that "indicate[d] that the doctor was unsure of a diagnosis regarding [Plaintiff's] pain complaints." (*Id.* at 672.) Finally, ALJ Kennedy rejected Dr. Henry-Socha's statements because they related to conditions that were found not to be medically determinable impairments, a determination Judge Tsuchida previously affirmed. (*See id.* at 672, 790-93, 795.)

Plaintiff has failed to show that ALJ Kennedy harmfully erred. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). ALJ Kennedy was correct that Dr. Henry-Socha's statements did not include any functional or vocational restrictions. (*See* AR at 629-34.) There was therefore nothing for ALJ Kennedy to accept or reject in terms of Plaintiff's

RFC. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

Moreover, to the extent Plaintiff argues that Dr. Henry-Socha's findings support

Plaintiff's testimony, that is only relevant to whether ALJ Kennedy correctly analyzed

Plaintiff's testimony (which is discussed below), not to whether ALJ Kennedy correctly

analyzed Dr. Henry-Socha's statements. It is also a request for a different interpretation

of the evidence rather than a showing that ALJ Kennedy's interpretation was irrational.

As such, Plaintiff has failed to show harmful error. *See Thomas*, 278 F.3d at 954.

       3.    <u>The ALJ Did Not Err in Rejecting Dr. Tolles and Ms. Griffel's Opinions</u>

Plaintiff argues that ALJ Kennedy erred in rejecting the opinions of treating

providers Dr. Tolles and Ms. Griffel. (Pl. Op. Br. at 6-7.) The record contains two

statements from Ms. Griffel, one of which was cosigned by Dr. Tolles. (*See* AR at

1603-08.) ALJ Kennedy addressed the statements separately, and the court will do the

same. (*See id.* at 674.)

In a letter dated March 14, 2018, Dr. Tolles and Ms. Griffel reported that Plaintiff

had been diagnosed with a number of conditions, and opined that "[t]hese diagnoses may

interfere with [Plaintiff's] ability to work at times due to increased symptoms." (*Id.* at

1603.) ALJ Kennedy gave the opinions in this letter "no weight." He reasoned that the

letter "d[id] not contain any specific vocational limitations, and d[id] not indicate whether

it pertain[ed] to the period prior to the [sic] September 2015." (*Id.* at 674.) ALJ Kennedy

further noted that many of the diagnoses listed in the letter had been found not to be

medically determinable impairments. (*Id.*) And, to the extent the statement that the

diagnoses "may interfere" with Plaintiff's ability to work could be considered a vocational limitation, ALJ Kennedy found that it was too ambiguous to be useful. (*Id.*)

As an initial matter, ALJ Kennedy failed to note that Dr. Tolles cosigned this statement, and instead described it as solely containing the opinions of Ms. Griffel. (*See* AR at 674.) This error was not a harmful in and of itself, but it does raise the bar ALJ Kennedy had to clear to support rejecting the opinions. An ALJ need only provide germane reasons to reject the opinions of a nurse practitioner. *Dale v. Astrue*, 823 F.3d 941, 943 (9th Cir. 2016) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)). But an ALJ may only reject the opinions of a treating doctor when contradicted if the ALJ provides "specific and legitimate reasons that are supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). ALJ Kennedy's reasons for rejecting the opinions of Dr. Tolles and Ms. Griffel contained in the March 2018 letter must therefore be specific and legitimate, as opposed to merely germane.

Plaintiff has again failed to show that ALJ Kennedy harmfully erred. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). ALJ Kennedy reasonably discounted the opinions in the March 2018 letter because there was no statement that they related to the alleged disability period of January 9, 2010, to September 30, 2015, which limited the statement's usefulness. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). ALJ Kennedy further reasonably discounted the opinions in the March 2018 letter because they were too ambiguous to be useful. *See King v. Comm'r of*

*Soc. Sec. Admin.*, 475 F. App'x 209, 210 (9th Cir. 2012).

Ms. Griffel also completed a physical medical source statement, dated April 11, 2018.[2] (AR at 1604-08.) Ms. Griffel opined that Plaintiff had functional limitations in sitting, standing, walking, lifting, carrying, twisting, stooping, crouching, climbing ladders, climbing stairs, moving her head, reaching, handling, and fingering. (*Id.*) Ms. Griffel originally wrote that the earliest date that these limitations applied was January 21, 2018, but someone crossed the year out and changed it to 2013. (*See id.* at 1607.)

ALJ Kennedy gave Ms. Griffel's April 2018 opinions little weight. (*Id.* at 674.) Because the April 2018 statement was not signed by Dr. Tolles, ALJ Kennedy only needed to provide germane reasons for rejecting the opinions in it. *See Dale*, 823 F.3d at 943 (citing *Molina*, 674 F.3d at 1111). ALJ Kennedy first reasoned that the record did not indicate who changed the year Plaintiff's symptoms began from 2018 to 2013. (AR at 674.) This was not a legitimate reason to reject Ms. Griffel's April 2018 opinions. The year change looks to be in the same handwriting as the rest of the document, and if ALJ Kennedy believed the record was ambiguous, he should have contacted Ms. Griffel to clarify whether she changed the form.

ALJ Kennedy further reasoned that the severity of limitations to which Ms. Griffel opined were unsupported by and inconsistent with her treatment notes. (*Id.*) Plaintiff has failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). ALJ Kennedy noted that Ms. Griffel's treatment notes showed few to no issues

---

[2] This statement contains a signature line for Dr. Tolles, but no signature. (*Id.* at 1608.)

with gait abnormality, weakness, sensation deficits, or other abnormalities in the upper or lower extremities. (AR at 674, 1064, 1067-68, 1198, 1202, 1206, 1209, 1217, 1223, 1227-28, 1236, 1240, 1244-45, 1249, 1258, 1262.) ALJ Kennedy further noted that Plaintiff regularly denied many of the symptoms Ms. Griffel indicated as rationale for her opined limitations. (*Id.* at 674, 1175-76, 1186, 1194, 1202, 1206, 1209, 1217, 1223, 1227-28, 1236, 1240, 1244-45, 1249, 1258, 1262.) Although these records are not as unanimously contrary to Ms. Griffel's opinions as ALJ Kennedy suggested, Plaintiff has not shown that ALJ Kennedy unreasonably interpreted them. Therefore, Plaintiff has failed to show that ALJ Kennedy harmfully erred in rejecting Ms. Griffel's April 2018 opinions.

4.   <u>The ALJ Did Not Err in Accepting the Non-Examining Doctors' Opinions</u>

Plaintiff argues that ALJ Kennedy erred in giving the "most weight" to the opinions of three non-examining doctors. (Pl. Op. Br. at 8.) Plaintiff makes no specific argument, stating only that ALJ Kennedy should have given more weight to the opinions in the record from the treating and examining physicians. (*See id.*) Plaintiff has failed to show that ALJ Kennedy erred in weighing the opinions of the treating and examining doctors, so Plaintiff has failed to show that ALJ Kennedy erred in giving the most weight to the opinions of the non-examining doctors.

**C.   The ALJ Did Not Err at Step Two in Finding That Fibromyalgia Was Not a Severe Impairment**

Plaintiff argues that ALJ Kennedy erred at step two of the disability evaluation process by finding that Plaintiff did not have a severe impairment of fibromyalgia. (Pl.

Op. Br. at 7-8.)  Plaintiff's argument is the same as the argument she made before Judge

Tsuchida.  (*See* AR at 795.)  Although additional evidence was submitted, the outcome

remains the same.  Plaintiff has failed to show harmful error.

ALJ Kennedy found that Plaintiff's alleged fibromyalgia was not a severe

impairment.  (*Id.* at 662.)  ALJ Kennedy, following the same reasoning as ALJ Alexis,

found that fibromyalgia was not a medically determinable impairment because "the

record does not reflect the diagnostic criteria required in the regulations, including the

requirement to rule out other possible conditions prior to diagnosing fibromyalgia."  (*Id.*)

Only medically determinable impairments can be considered severe impairments at step

two of the disability evaluation process.  *See* 20 C.F.R. § 404.1520(c).  Fibromyalgia was

thus not a severe impairment at step two.

Plaintiff points to diagnoses of fibromyalgia, but fails to address the problem ALJ

Kennedy noted:  The absence of evidence that Plaintiff's providers ruled out other

possible conditions prior to diagnosing fibromyalgia.  (*See* AR at 662.)  Under Social

Security Ruling ("SSR") 12-2p, 2012 WL 3104869 (July 25, 2013), fibromyalgia can

only be deemed a medically determinable impairment if there is "[e]vidence that other

disorders that could cause the symptoms or signs were excluded."  *Id.* at *3.  "Other

physical and mental disorders may have symptoms or signs that are the same or similar to

those resulting from [fibromyalgia].  Therefore, it is common in cases involving

[fibromyalgia] to find evidence of examinations and testing that rule out other disorders

that could account for the person's symptoms and signs."  *Id.*  All Plaintiff has done is

argue that her providers diagnosed her with fibromyalgia.  (*See* Pl. Op. Br. at 7-8; Pl. Reply Br. (Dkt. # 14) at 6-7.)  She has not pointed to any evidence showing that these providers ruled out other disorders that could cause her symptoms.  Plaintiff has consequently failed to show that ALJ Kennedy harmfully erred at step two in finding that fibromyalgia was not a severe impairment.

**D.      The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony**

Plaintiff argues that ALJ Kennedy erred in discounting Plaintiff's symptom testimony.  (Pl. Op. Br. at 8-15.)  Judge Tsuchida affirmed ALJ Alexis's decision to discount Plaintiff's symptom testimony from the first hearing and her written statement in the record at that time.  (AR at 783-88.)  Plaintiff testified again at the second hearing, and ALJ Kennedy analyzed that testimony as part of his decision.  (*See id.* at 667-71, 689-751.)

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).  At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged.  *Id.*  ALJ Kennedy found that Plaintiff met this first

step.  (AR at 667.)

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet.'"  *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15).  In evaluating the ALJ's determination at this step, the court may not substitute its judgment for that of the ALJ.  *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

ALJ Kennedy found Plaintiff's symptom testimony "not entirely consistent with" the medical record and Plaintiff's activities.  (AR at 667-71.)  ALJ Kennedy separately analyzed Plaintiff's allegations regarding her migraine headaches, her general pain, and her mental health.  (*Id.*)  The court will do the same.

      1.    <u>The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony Regarding the Severity of Her Headache Symptoms</u>

Plaintiff testified that she suffered from migraine headaches every day, which caused blurred vision and intense pain.  (*Id.* at 43, 51, 55, 61-62, 715, 721.)  Plaintiff testified that she was in a third car accident in March 2015 that caused her migraines to worsen.  (*Id.* at 711, 720.)

ALJ Kennedy discounted Plaintiff's migraine testimony because he found that the medical record was not consistent with the severity of symptoms Plaintiff alleged.  (*Id.* at 668-69.)  An ALJ may reject a claimant's symptom testimony when it is contradicted by

the medical evidence. *See Carmickle*, 533 F.3d at 1161 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995)). But the ALJ must explain how the medical evidence contradicts the Plaintiff's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). ALJ Kennedy met this standard.

ALJ Kennedy focused on two features of the medical record. First, Plaintiff regularly denied to her providers many of the symptoms she alleged in her testimony. (AR at 668.) For example, Plaintiff alleged daily headaches with severe pain, blurred vision, and vomiting. (*See id.* at 43, 55, 721.) But Plaintiff commonly denied these symptoms to her doctors. (*See id.* at 525-26, 535-40, 558-64, 635-45, 1174-1220, 1230-49.) Furthermore, ALJ Kennedy noted that Plaintiff "did not miss, reschedule, or cancel appointments at a frequency consistent with her allegations of daily, debilitating migraine symptoms." (*Id.* at 669.)

Second, ALJ Kennedy noted that Plaintiff's presentation at examinations was largely normal. (*Id.* at 298-307, 527, 537, 546, 646, 668-69, 1067-68, 1182-1202, 1232, 1240.) This finding rests on shakier ground as some of the records to which ALJ Kennedy cited do not address headache symptoms, and others indicate some issues associated with Plaintiff's neck, which was a potential cause of her headaches. (*See, e.g.*, *id.* at 540, 632, 1061, 1082, 1098, 1103, 1228, 1236, 1245.) Nonetheless, ALJ Kennedy was entitled to resolve ambiguities in the evidence, and Plaintiff has not shown that ALJ Kennedy's interpretation here was unreasonable. *See Thomas*, 278 F.3d at 954.

ALJ Kennedy gave two other reasons for discounting Plaintiff's headache

symptom testimony, neither of which withstands scrutiny.  First, ALJ Kennedy

discounted Plaintiff's headache symptom testimony because Plaintiff had only received

conservative treatment for her condition.  (*See id.* at 669.)  In reality, Plaintiff had been

prescribed multiple pain medications, including oxycodone, and eventually received

Botox injections.  (*See id.* at 1064, 1068, 1077-1125.)  Pain treatment with opioids is

generally not considered conservative treatment.  *See Kager v. Astrue*, 256 F. App'x 919,

923 (9th Cir. 2007) (finding error where the ALJ discounted the plaintiff's testimony

based on a lack of significant pain therapy, when the plaintiff had been prescribed opioid

medications).  ALJ Kennedy thus erred in rejecting Plaintiff's headache symptom

testimony on this basis.

Second, ALJ Kennedy discounted Plaintiff's headache symptom testimony

because he found it inconsistent with Plaintiff's ability to care for her children.  (AR at

669.)  ALJ Kennedy pointed to two records allegedly showing that Plaintiff cared for her

children (one of whom was a teenager), but neither record provides enough information

to contradict Plaintiff's allegations.  (*See id.* at 525-26 (noting only that Plaintiff was two

months postpartum and spent time with her family), 1103 (noting only that Plaintiff spent

much of her time "at home with kids").  The court will not do the ALJ's job for him by

combing the record to look for conflicts supporting his determination.  *See Burrell v.

Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("Our decisions make clear that we may not

take a general finding—an unspecified conflict between [the plaintiff's] testimony about

daily activities and her reports to doctors—and comb the administrative record to find

specific conflicts.").

Although ALJ Kennedy's analysis of Plaintiff's symptom testimony was not free from error, Plaintiff has failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). ALJ Kennedy's determination that Plaintiff's symptom testimony was contradicted by the medical evidence survives regardless of ALJ Kennedy's errors, so those errors were "inconsequential to the ultimate disability determination." *Carmickle*, 533 F.3d at 1162. Those errors were thus harmless. *Id.*

2.    The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony Regarding the Severity of Her Other Pain Symptoms

Plaintiff testified that, in addition to her migraines, she had pain in her neck and shoulders, and sciatica, primarily in the right leg. (AR at 715.) Plaintiff testified that these symptoms remained the same from her onset date until her third car accident in March 2015, at which time her symptoms worsened. (*Id.* at 723-24.) Plaintiff alleged that she had difficulty sitting for extended periods of time because her legs or feet would swell, and her sciatica would flare up. (*Id.* at 734.) She alleged that she needed to lean up against something when standing in one position to avoid issues. (*Id.* at 734-35.)

ALJ Kennedy rejected this testimony as not entirely consistent with the medical record. (*Id.* at 669.) He adopted and incorporated ALJ Alexis's analysis—which Judge Tsuchida upheld—regarding Plaintiff's testimony from the 2014 hearing. (*Id.*) ALJ Kennedy rejected Plaintiff's new testimony as inconsistent with the overall medical evidence, including her normal presentation on examination, and her receipt of conservative treatment. (*Id.* at 669-70.)

ALJ Kennedy did not err in rejecting Plaintiff's testimony regarding her other pain symptoms. As ALJ Kennedy noted, Plaintiff displayed normal range of motion in her neck and upper extremities. (*See id.* at 669-70, 1198, 1202, 1232, 1245.) Plaintiff showed no gait issues or abnormality in lower extremity function. (*Id.* at 670, 1064, 1067-68, 1082, 1092, 1103, 1111-12, 1198, 1202, 1232, 1245.) Plaintiff was prescribed only basic treatment, although her receipt of opioid medication weakens reliance on this as a reason to reject Plaintiff's other pain testimony. *See Kager*, 256 F. App'x at 923. Nonetheless, the medical evidence to which ALJ Kennedy cited reasonably supported his decision to reject Plaintiff's testimony regarding her other pain symptoms. *See Carmickle*, 533 F.3d at 1161 (citing *Johnson,* 60 F.3d at 1434).

3. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony Regarding the Severity of Her Mental Health Symptoms

Plaintiff did not testify to mental health symptoms at the 2018 hearing, other than those tied to her migraine and pain symptoms. (*See* AR at 709-35.) ALJ Kennedy correctly noted this, stating that Plaintiff "testified to limitations due to migraines and musculoskeletal pain, but mentioned mental restrictions only briefly." (*Id.* at 670.) ALJ Kennedy went on to reject any of Plaintiff's mentions of mental restrictions, noting that Plaintiff did not receive any specialized mental health treatment, "made only episodic complaints of mental symptoms, and typically denied such symptoms altogether," and presented normally on clinical examination. (*Id.* at 670-71.) ALJ Kennedy also noted that Plaintiff was able to drive a car, which he found to contradict Plaintiff's testimony. (*Id.* at 671.)

Plaintiff has failed to show that ALJ Kennedy harmfully erred in rejecting Plaintiff's testimony regarding her mental health symptoms. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). As ALJ Kennedy noted, Plaintiff did not testify to any specific mental health symptoms at the 2018 hearing. (*See* AR at 670, 709-35.) There was therefore nothing for ALJ Kennedy to account for in the RFC. This alone makes any possible error harmless, as it had no effect on the ultimate outcome here. *See Carmickle*, 533 F.3d at 1161 (citing *Johnson,* 60 F.3d at 1434).

**E.      The ALJ Did Not Harmfully Err in Discounting the Lay Witness Statements**

Plaintiff argues that ALJ Kennedy erred in evaluating lay witness statements from Mr. D. and Ms. Moore. (Pl. Op. Br. at 15-18.) Judge Tsuchida held that ALJ Alexis erred in rejecting Mr. D.'s statement, but did not err in rejecting a 2014 statement from Ms. Moore. (AR at 800-01.) Per the law of the case doctrine, the court will not revisit evaluation of Ms. Moore's 2014 statement. *See Buck*, 869 F.3d at 1050. However, Ms. Moore submitted a second statement in 2016, after Judge Tsuchida's decision, so the court will address ALJ Kennedy's treatment of that statement.

1.      <u>The ALJ Did Not Harmfully Err in Rejecting Mr. D's Statement</u>

Plaintiff argues that ALJ Kennedy erred in rejecting a written statement from Mr. D. (Pl. Op. Br. at 15-17.) Mr. D. submitted a written statement, dated April 24, 2014, reporting that Plaintiff had a litany of symptoms and limitations. (AR at 250-55.) ALJ Alexis rejected Mr. D.'s statement because she found it inconsistent with the medical evidence regarding Plaintiff's headaches, and inconsistent with the medical record

regarding Plaintiff's physical limitations. (*See id.* at 26.) Judge Tsuchida found that ALJ Alexis erred because ALJ Alexis failed to adequately explain how the evidence to which she cited was inconsistent with Mr. D.'s statements. (*See id.* at 801.)

ALJ Kennedy discounted Mr. D.'s statement because it "generally reflects the same allegations made by [Plaintiff], allegations that are not entirely consistent with the overall record for the reasons discussed at length above." (*Id.* at 672.) ALJ Kennedy further explained that Mr. D.'s statements regarding the severity of Plaintiff's migraines, as well as issues sitting and walking, were inconsistent with the objective medical evidence, including conservative treatment. (*Id.*)

ALJ Kennedy did not harmfully err in rejecting Mr. D.'s statement. ALJ Kennedy reasonably determined that Mr. D. did not describe any limitations beyond those Plaintiff herself described. (*See id.* at 672.) ALJ Kennedy therefore justifiably rejected Mr. D.'s statement for the same reasons he rejected Plaintiff's testimony. *See Molina*, 674 F.3d at 1122.

2.    The ALJ Did Not Harmfully Err in Rejecting Ms. Moore's 2016 Statement

Plaintiff argues that ALJ Kennedy erred in rejecting a statement Ms. Moore submitted in October 2016. (Pl. Op. Br. at 17-18.) In that 2016 statement, Ms. Moore reported her observations of Plaintiff's symptoms and limitations. (AR at 981-88.) Much like his treatment of Mr. D.'s statement, ALJ Kennedy found that Ms. Moore's statements reflected the same allegations made by Plaintiff, and were not entirely consistent with the record for the same reasons as Plaintiff's testimony. (*Id.* at 674-75.)

ALJ Kennedy did not harmfully err in rejecting Ms. Moore's statement. ALJ Kennedy reasonably determined that Mr. D. did not describe any limitations beyond those Plaintiff herself described. (*See id.*) ALJ Kennedy therefore justifiably rejected Ms. Moore's statement for the same reasons he rejected Plaintiff's testimony. *See Molina*, 674 F.3d at 1122.

**F.    The ALJ Did Not Err in Assessing Plaintiff's RFC**

Plaintiff argues that ALJ Kennedy erred in assessing Plaintiff's RFC, and erred by based his step five findings on that RFC assessment. (Pl. Op. Br. at 18.) This argument is derivative of Plaintiff's other arguments, as it is based on the contention that ALJ Kennedy failed to properly evaluate Plaintiff's symptom testimony, the medical evidence, and the lay witness testimony. (*See id.*) Because the court has found that ALJ Kennedy did not err in his assessment of that evidence, Plaintiff's argument fails. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding that an ALJ has no obligation to include limitations in the RFC that are based on properly rejected evidence).

## IV.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision AFFIRMED and this case is DISMISSED with prejudice.

DATED this 15th day of October, 2019.

JAMES L. ROBART
United States District Judge